## Henry B. Grauley *v.* John Jermyn, Appellant.

*Principal and agent—Sale—Evidence—Revocation of agency.*

Where a dealer has been in the habit of selling goods to an agent, notice of the revocation of the agency may be given by a written or oral communication from the principal or agent, or by circumstances and a course of dealing incompatible with the want of it. In either case if the evidence as to the notice of revocation is conflicting, the question is for the jury.

*Evidence—Books—Hotel register—Parol evidence.*

Where it is desired to show a change of proprietorship of a hotel by the

fact that the new proprietor used a new register, the register itself should be produced in evidence. Parol evidence of the change of register is incompetent.

Argued Feb. 20, 1894. Appeal, No. 150, July T., 1893, by defendant, from judgment of C. P. Lackawanna Co., April T., 1891, No. 592, on verdict for plaintiff. Before WILLIAMS, MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for goods sold, etc. Before ARCHBALD, P. J.

At the trial it appeared that on April 1, 1889, defendant, the owner of the Westminster hotel at Scranton, Pa., leased it to his former manager, J. J. Curt. Plaintiff had sold cigars to Curt as manager, and continued to deliver cigars to him after April 1, 1889. Curt testified that he notified a salesman of plaintiff of the lease, prior to April 1, 1889. Plaintiff's salesman denied that he received such notice.

When Curt was on the stand he was asked: " Q. Whether or not it was generally known that you were the proprietor of that hotel? A. I think it was everywhere. Q. By what was it known you were proprietor? Objected to, objection sustained and bill sealed for defendant." [1]

" Q. Now, Mr. Curt, state whether you had a register afterwards, and what was there on the heading of the register? Objection, unless it is proved that this man saw it and read it. Objection sustained, and bill sealed for plaintiff." [2]

Plaintiff offered books of account in evidence, showing charges to " The Westminster Hotel " for goods sold after April 1, 1889. Objected to as immaterial, objection overruled, and bill sealed. [3]

The court charged in part as follows :

" ·[The plaintiff claims, however, that he had no notice of the change that took place, as claimed by the defendant, on the 1st day of April, 1889, and that if he had no notice and no notice was given to Mr. Mercer, Mr. Grauley's agent, or to anybody for Mr. Grauley, the defendant would be responsible, because Mr. Grauley, the plaintiff here, had a right to assume that the condition of things which existed when he first made his sales of goods would continue, there being no apparent change in the hotel.] [4] . . . .

" [The burden is upon the defendant to show that notice of

a change was given to the plaintiff, or to his agent; that is to say, if, in the first place, the plaintiff was informed that Mr. Jermyn was the proprietor and was responsible, and made sale to him, then, as I have already instructed you, he had the right to consider that Mr. Jermyn was still the responsible party unless he had notice of a change, or unless there was such apparent change as to amount to notice. If the question rests upon the matter of notice, the burden is upon the defendant to make out that notice, and to establish to your satisfaction by the weight of the proof, that such notice was given.] " [5]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–3) rulings; (4, 5) instructions, quoting instructions, bills of exceptions and evidence.

*Samuel B. Price,* for appellant.

*Everett Warren, E. N. Willard* and *Henry A. Knapp* with him, for appellees.

OPINION BY MR. JUSTICE McCOLLUM, Oct. 1, 1894 :

We are unable to discover anything in the first, second and third specifications of error which calls for a reversal of this judgment. Strictly speaking the register itself was the best evidence of what was written or printed upon it.

The fourth, fifth and sixth specifications raise substantially the same question that was raised and passed upon in Perrine v. Jermyn, just decided [the preceding case.] In that case as in this the principal matter complained of was the instruction in relation to notice of the revocation or termination of the agency. Our ruling in that case applies to and governs this.

The specifications of error are overruled.

Judgment affirmed.